United States District Court    Southern District of Texas

United States District Court
Southern District of Texas
**ENTERED**
June 08, 2021
Nathan Ochsner, Clerk

| | |
|---|---|
| CFM Interests, Ltd., et al., | § |
| | § |
| Plaintiffs, | § |
| | § |
| versus | § Civil Action H-12-2070 |
| | § |
| Aetna Health, Inc., et al., | § |
| | § |
| Defendants. | § |

## Opinion on Facility Fees

1.  *Introduction.*

    CFM Interests, Ltd., and CFM Emergency Care Specialists, P.A., treated patients insured by Aetna Health, Inc. Aetna declined to pay CFM's invoices for facility fees because CFM's clinics were not licensed. CFM then contracted with a licensed hospital to use its credentials – but not its facility – to bill its claims and sued Aetna in state court to recover denied payments. Aetna removed the case under the Employee Retirement Income Security Act.

    The parties moved for summary judgment on CFM's liability and facility fees. Aetna prevailed, and this court ordered that Aetna had no obligation to cover facility fees from CFM because its clinics were not licensed by the State of Texas. This court also ordered that Aetna is entitled to reimbursement for the facility fees submitted through First Street Hospitals because a carrier does not have to pay facility charges billed by an unlicensed freestanding emergency center. No matter the claimants' insistence that it provides comparable services, this argument has been rejected time and time again.

    Hearings on the amount of facility fees that must be refunded were held on October 23, 2020, and April 29, 2021.

2. *Background.*

CFM Emergency Care Specialists is an association of four doctors. Since 2006, CFM has operated a freestanding emergency room using the name Texas Emergency Care Center in Pearland, Texas. Although the State of Texas did not license freestanding emergency rooms until 2010, TECC and CFM's doctors billed Aetna with codes designated for licensed hospital-based emergency departments.

In 2007, Aetna caught wind that TECC was not licensed as a hospital-based emergency room. It flagged TECC's tax number and started denying its claims. Between January 2007 and August 2009, Aetna denied roughly 9,500 claims from TECC . Aetna told CFM that the appropriate billing codes to use were those for urgent care, office based, or ancillary services. The reimbursements for those codes are lower than that of a licensed emergency room.

In August 2009, TECC entered into a "Facilities Management Services Agreement" with First Street Hospital to submit its claims under First Street's name, provider number, and tax number. Whenever TECC or CFM's doctors treated a patient, the bills would show that the services were rendered at First Street Hospital. In return, First Street received 12% of the proceeds from each bill. This corrupt agreement ended when TECC became licensed on August 24, 2010.

3. *Definition of Facility Fees.*

CFM and Aetna disagree about the definition of facility fees. CFM argues that it should only pay the amounts labeled as such on the claims forms. Aetna says it should also be reimbursed for fees charged using the revenue and procedure codes that CFM billed as if it had performed these services at a hospital.

A carrier does not have to pay facility charges billed by a freestanding emergency center that is not licensed by the State. Until August 24, 2010, TECC billed Aetna – directly and then through First Street – as if it had performed its services at a hospital. Aetna told CFM that the appropriate billing codes to use were those for urgent care, office based, or ancillary services. The reimbursements for those codes are lower than that of a licensed emergency room.

CFM had the opportunity to revise its charges but continued to bill Aetna

dishonestly. It cannot now argue that it should only pay the amounts labeled as "facility fees" on the claims forms. TECC billed as if it had performed its services at a hospital, and Aetna paid more than it would have if TECC had billed as what it was – an urgent care center. All of the amounts Aetna paid are facility fees because they should have been charged by a hospital, which TECC was not. CFM is not entitled to any of the related fees that TECC accrued before it became licensed.

4. *Calculation of Facility Fees.*

On October 23, 2020, Aetna's representative testified that Aetna paid $4,173,182.71 in total before TECC became licensed. She also testified that there was a three percent difference between the amounts that CFM and Aetna offered, and the total of $4,4047,987.23 accounts for this difference.

5. *Conclusion.*

From CFM Interests, Ltd., Aetna will take:
   a. $4,047,987.23;
   b. Prejudgment interest at the rate of 5% per annum from the date Aetna's counterclaims were filed–June 19, 2012–through May 28, 2021;
   c. Post-judgment interest at the rate of 0.05% per annum until paid;
   d. Costs of court; and
   e. Attorney's fees, which will be a post-judgment matter.

Signed on June 8, 2021, at Houston, Texas.

Lynn N. Hughes
United States District Judge